IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL MARKERT, individually and as Executor for the ESTATE OF MICHAEL MARKERT, Deceased, et al., | : : : : : |
| Plaintiffs, | : CIVIL ACTION : |
| v. | : : |
| THE PNC FINANCIAL SERVICES GROUP, INC., f/k/a/ PNC FINANCIAL CORPORATION, d/b/a PNC, | : NO. 11-4918 : : : |
| Defendant. | : : |

MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                                           **FEBRUARY 10, 2012**

Presently before the Court is Defendant, The PNC Financial Services Group, Inc., formerly known as PNC Financial Corporation's ("Defendant"), Motion for Partial Dismissal of Plaintiffs' First Amended Complaint.[1]  For the reasons stated below, we will deny the Motion.

**I.      FACTS**[2]

Prior to his death on June 6, 2008, the Decedent was employed by the Defendant. (Compl. ¶¶ 5, 8.)  The Decedent began to participate in the Defendant's Incentives Savings Plan (hereafter, "401K") in the third quarter of 1983.  (Id. ¶ 8.)  The Decedent designated Plaintiffs as

---

[1] Plaintiffs are Daniel Markert, individually and as Executor for the Estate of Michael Markert, deceased (hereafter, the "Decedent"), Joseph Markert, and Thomas Markert (collectively, "Plaintiffs").

[2] A more detailed account of the facts alleged in the Complaint can be found in our prior Memorandum Opinion in this matter.  See Markert v. PNC Financial Services Group, Inc., No. 11-4918, 2011 WL 5525347, at *1-3 (E.D. Pa. Nov. 14, 2011).

the beneficiaries of the 401K plan, entitling each to a one third share. (Id. ¶¶ 11-12.) Plaintiffs, however, did not receive their shares of the 401K promptly after the Decedent's death. (Id. ¶ 13.) Rather, the Plaintiffs received their shares six months after the Decedent's death. (Id.) The Decedent also participated in the Defendant's Employee Stock Purchase Plan ("ESPP"). Plaintiffs allege that they are each entitled to a one third share of the ESPP along with any residual cash balance associated with the ESPP. (Id. ¶ 16.) Plaintiffs requested that the Defendant transfer the shares to them individually. (Id. ¶ 19.) On or about October 17, 2008, the Defendant distributed the shares into three separate accounts maintained by the Defendant for the Plaintiffs. (Id. ¶ 20.)

The Decedent also participated in the Defendant's Pension Plan ("Pension"). (Id. ¶ 21.) Plaintiffs claim that the Defendant failed to make a timely and efficient distribution of the assets under the 401K, ESPP, and Pension plans (collectively, the "Plans") as they requested it to do. (Id. ¶ 28.) As a result, Plaintiffs claim that the market value of the Plans experienced a steep and significant decline. (Id. ¶ 28.)

Plaintiffs commenced this action in the Philadelphia County Court of Common Pleas. On July 14, 2011, Plaintiffs filed a six-count Complaint against the Defendant alleging state law claims for breach of contract (Count I), breach of fiduciary duty (Count II), negligence (Count III), conversion (Count IV), detrimental reliance/promissory estoppel (Count V), and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (Count VI).

On August 1, 2011, the Defendant removed the action to this Court alleging that the Plaintiffs' claims were preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. (Def.'s Not. Removal ¶¶ 1, 15-19.) On August 8, 2011,

the Defendant filed a Motion to Dismiss Plaintiffs' Complaint.  Specifically, the Defendant argued that the Plaintiffs' state law claims were preempted by ERISA, Plaintiffs' suit was premature because they did not exhaust their administrative remedies, and Plaintiffs lacked standing because they did not suffer an "injury-in-fact" because they received the benefits.  (Mot. to Dismiss ¶¶ 4-6.)  Apparently, Plaintiffs were unable to amend their Complaint within the 21 day deadline required by Federal Rule of Civil Procedure 15 because they needed to acquire counsel familiar with ERISA practice.  (Pl.'s Mot. to File Am. Compl. ¶ 5.)  The Defendant agreed to extend the time to respond to its Motion to Dismiss.  (Id. ¶ 6.)  On September 12, 2011, the Plaintiffs filed a Motion for Leave to File Amended Complaint with an attached Proposed Amended Complaint.  The Proposed Amended Complaint contained only three counts: breach of fiduciary duty by the individual plaintiffs (Count I); breach of fiduciary duty by the Decedent's estate (Count II); and breach of the duty to inform (Count III).  Each of the new counts were founded on ERISA's provisions and the alleged rights and duties created by the Statute.  The Proposed Amended Complaint did not attempt to revive any of the state law claims.  Furthermore, the Plaintiffs did not submit any other response to the arguments raised by the Defendant in its Motion to Dismiss or its brief in support thereof.

      As noted, the Defendant moved to dismiss all state law claims on grounds of preemption.  In "response," the Plaintiffs omitted those claims from their Proposed Amended Complaint and grounded them in ERISA's statutory scheme.  Because of this omission, we found that the Plaintiffs effectively waived or abandoned all of the state claims in their First Complaint.  See Markert, 2011 WL 5525347 at *5.  In addition we found that "offering an amended pleading, which omits the claims that the Defendant sought to dismiss, is akin to leaving issues raised in

the Motion to Dismiss uncontested." Id.  We further determined that:

> Defendant has failed to provide adequate justification to dismiss the Plaintiffs' ESPP claims at this time.  With regard to the Plaintiffs' Motion for Leave to File an Amended Complaint, we find that the exhaustion requirement is inapplicable to the Plaintiffs' claims because they are alleging statutory violations of ERISA.  We further find that the Plaintiffs have stated claims for which relief can be granted in Count I and Count II under 29 U.S.C. § 1132(a)(2) in light of the Supreme Court's decision in LaRue.  Furthermore, we find that the Plaintiffs have failed to state a cause of action for which relief can be granted in Count III of their Proposed Amended Complaint because they fail to allege which of ERISA's provisions contained in subchapter I relates to the disclosure of beneficiary account passwords.  Finally, we will grant the Plaintiffs leave to file a further amended complaint to properly set forth their claims and to cure any deficiencies.

Id. at 13.  Thereafter, Plaintiffs filed an Amended Complaint on November 28, 2011.  (Doc. No. 13).  Defendant filed the instant Motion on December 12, 2011.  (Doc. No. 16).  Plaintiff filed a Response on December 29, 2011, and the Defendant filed a Reply on January 24, 2012.  (Doc. Nos. 17, 19).

## II.   STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  Under Rule 12(b)(6), the defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).  In Bell Atl. Corp. v. Twombly, the Supreme Court stated that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  550 U.S. 544, 555 (2007).  Following Twombly, the Third Circuit has explained that the factual

allegations in the complaint may not be "so undeveloped that it does not provide a defendant the type of notice which is contemplated by Rule 8." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Moreover, "it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'" Id. (alteration in original) (quoting Twombly, 550 U.S. at 563 n.8). Furthermore, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 234 (quoting Twombly, 550 U.S. at 555). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Id. (quoting Twombly, 550 U.S. at 556).

Notwithstanding Twombly, the basic tenets of the Rule 12(b)(6) have not changed. The Knit With v. Knitting Fever, Inc., No. 08-4221, 2009 U.S. Dist. LEXIS 30230, at *6 (E.D. Pa. Apr. 8, 2009). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief, not detailed factual allegations. Phillips, 515 F.3d at 231. Moreover, when evaluating a motion to dismiss, the court must accept as true all well-pleaded allegations of fact in the plaintiff's complaint, and must view any reasonable inferences that may be drawn therefrom in the light most favorable to the plaintiff. Id.; Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

**III.   DISCUSSION**

Defendant asserts in its Motion that Counts III, IV and V of the Amended Complaint should be dismissed on the following grounds: "(1) Plaintiffs abandoned their state law claims and, therefore, fail to set forth claims relating to the ESPP in the First Amended Complaint upon which relief may be granted, (2) judicial estoppel, and (3) the state law claims are otherwise barred by the gist of the action and economic loss doctrines." (Def.'s Mot. for Partial Dismissal of Am. Compl., at 3.)

    1.   **Abandonment of State Law Claims**

As noted, we determined in our prior Memorandum Opinion that Plaintiffs had abandoned their state law claims because they did not include them in the Proposed Amended Complaint that they filed, and did not respond to the issue of whether the state claims were preempted by ERISA raised in Defendant's Motion to Dismiss. Plaintiffs' counsel asserts that the omission of the state claims from the Proposed Amended Complaint was purely inadvertent, and a mistake on her part. (Pl.'s Resp. Def.'s Mot. for Partial Dismissal of Am. Compl., at 2.) Counsel states that she was "focused on the ERISA claims, and simply made a mistake, unintentionally omitting the state law claims." (Id. at 3.) She added that the "mistake was explained to opposing counsel on or about November 29 or 30, when [she] and opposing counsel spoke by telephone about the First Amended Complaint," but he responded that Defendant's position was that the claims were waived. (Id. at 3.)

Federal Rule of Civil Procedure 15(a)(2) provides that the "court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). The Third Circuit adopts a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the

merits rather than on technicalities." Lorah v. Home Helpers Inc. Del. Respite, No. 10-237-SLR, 2011 WL 4464540, at *5 (D. Del. Sept. 26, 2011) (citing Dole v. Arco Chem. Co., 921 F.2d 484, 486-87 (3d Cir. 1990)). Amendment, however, is not automatic. Id. (citing Dover Steel Co., Inc. v. Hartford Accident and Indem., 151 F.R.D. 570, 574 (E.D. Pa. 1993)). "Leave to amend should be granted absent a showing of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc.'" Id. (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Here, we accept Plaintiffs' counsel's assertion that she made a mistake and inadvertently omitted the state law claims from the Proposed Amended Complaint. As noted above, with regard to the amendment of pleadings, we are to ensure that "a particular claim will be decided on the merits rather than on technicalities." Lorah, 2011 WL 4464540, at *5 (citing Dole, 921 F.2d at 486-87). In addition, we find no evidence of undue delay, bad faith, or dilatory motive on the part of the Plaintiffs. We also do not find that the Defendant has or will suffer undue prejudice by allowing the Plaintiffs to amend and add the state law claims. Accordingly, Plaintiffs have not abandoned their state law claims. We will allow the claims to be included in the Amended Complaint, and will deny Defendant's Motion to Dismiss Counts III, IV and V at this stage of the proceedings.[3]

### 2. Judicial Estoppel

Defendant also argues that Plaintiffs are judicially estopped from asserting the state law

---

[3] We further note that in our prior Memorandum Opinion, we did "grant the Plaintiffs leave to file a further amended complaint to properly set forth their claims and to cure any deficiencies." Markert, 2011 WL 5525347 at *13.

claims in their Amended Complaint. "Under the doctrine of judicial estoppel, a court can defend the integrity of the judicial process by barring a party from taking contradictory positions during the course of litigation." G–I Holdings, Inc. v. Reliance Ins. Co., 586 F.3d 247, 261 (3d Cir. 2009). "Though there is no rigid test for judicial estoppel, three factors inform a federal court's decision whether to apply it: there must be (1) 'irreconcilably inconsistent positions;' (2) 'adopted . . . in bad faith;' and (3) 'a showing that . . . estoppel . . . address[es] the harm and . . . no lesser sanction is sufficient.'" Id. at 262 (quoting Chao v. Roy's Constr., Inc., 517 F.3d 180, 186 n.5 (3d Cir.2008)). Bad faith for judicial estoppel purposes has been defined as an "intent to play fast and loose with the court." Ryan Operations G.P. v. Santiam–Midwest Lumber Co., 81 F.3d 355, 361 (3d Cir.1996). However, bad faith does not exist when "inconsistent positions are asserted in good faith or through inadvertence." In re Chambers Dev. Co., 148 F.3d 214, 229 (3d Cir. 1998).

Here, bad faith does not exist because Plaintiffs failed to include the state law claims in their Proposed Amended Complaint through mere inadvertence. Thus, we do not find that Plaintiffs have shown "intent to play fast and loose with the court," and we reject this argument. See Ryan Operations G.P., 81 F.3d at 361.

    **3.**    **"Gist of the Action" and "Economic Loss" Doctrines**

Lastly, the Defendant argues that Plaintiffs' negligence and breach of fiduciary duty state law claims are barred by Pennsylvania's "gist of the action" doctrine, and "economic loss doctrine." (Def.'s Mot. for Partial Dismissal of Am. Compl., at 11-16.)

Under Pennsylvania law, tort claims allegedly committed in the course of carrying out a contract are dismissible if the "gist" of them sound in contract instead of tort. Quorum Health

Res. Inc. v. Carbon-Schuylkill Cmty. Hosp. Inc., 49 F. Supp. 2d 430, 432 (E.D. Pa. 1999).  The Pennsylvania state courts have thus developed a "gist of the action" test to establish if a claim asserts either a breach of contract or tort claim.  Berger & Montague, P.C. v. Scott & Scott, LLC, 153 F. Supp. 2d 750, 754 (E.D. Pa., 2001).  "Under this test, an action is considered a tort action if the wrong ascribed to the defendant is the gist of the action, with the contract being collateral."  Id.; see also Phico Ins. Co. v. Presbyterian Med. Servs. Corp., 663 A.2d 753, 757 (Pa. Super. Ct. 1995).

    Under Pennsylvania's "economic loss doctrine," a plaintiff is prohibited "from recovering in tort economic losses to which their entitlement flows only from a contract," thereby circumventing the bar on collecting damages for breach of contract.  Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d at 604, 618 (3d Cir. 1995); Berger & Montague, P.C., 153 F. Supp. 2d at 754.

    Here, even if these two doctrines were to bar Plaintiffs from proceeding simultaneously on their negligence and breach of fiduciary duty state law claims, Plaintiffs can still plead both claims as alternative theories of liability against the Defendant.  Federal Rule of Civil Procedure 8(d)(2) provides that:

> A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses.  When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements.  A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds.

Fed. R. Civ. P. 8(d)(2).

Therefore, as Federal Rule of Civil Procedure 8(d)(2) allows Plaintiffs to plead two or more alternative claims against the Defendant for either negligence or breach of fiduciary duty, regardless of their consistency, and whether based on legal, equitable or other grounds, Defendant's Motion to Dismiss the claims based on the "gist of action" and "economic loss" doctrines must also be denied at this stage of the proceedings.  Fed. R. Civ. P. 8(d)(2); see also Berger & Montague, P.C., 153 F. Supp. 2d at 754.  Accordingly, Defendant's Motion for Partial Dismissal of Plaintiffs' First Amended Complaint is denied.

An appropriate Order follows.